Filed 7/31/25  P. v. French CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C101267 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF2302584 & CRF2202239) |
| v. | |
| DANIEL WAYNE FRENCH, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Daniel Wayne French asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding none, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1.  Case No. 2239

In May 2019, incarcerated defendant got into a fight with a fellow inmate and punched him.

1

In August 2022, defendant pled no contest in case No. CRF22-02239 (case No. 2239) to assault with force likely to produce great bodily injury while in prison. (Pen. Code, § 4501, subd. (b); further undesignated section references are to the Penal Code.) He also admitted a prior strike. (§§ 667, subds. (b)-(i), 1170.12.) Under defendant's plea agreement, the trial court imposed and suspended execution of an eight-year prison term (the middle term of four years doubled due to the strike) and ordered two years of probation. The court also imposed a $300 restitution fine (§ 1202.45, subd. (b)), a corresponding $300 probation revocation fine (suspended unless probation is revoked) (§ 1202.44), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment (Gov. Code, § 70373). Finally, the court ordered defendant to serve 28 days in jail and awarded defendant 28 days of custody credit (14 actual days and 14 conduct days).

2. Case No. 2584

In October 2023, defendant threatened his girlfriend.

Defendant was charged in case No. CRF23-02584 (case No. 2584) with two counts of willfully inflicting corporal injury on a romantic partner (§ 273.5, subd. (a); counts I and II), making criminal threats (§ 422, subd. (a); count III), misdemeanor evading a peace officer (Veh. Code, § 2800.1, subd. (a); count IV), and misdemeanor resisting a peace officer (§ 148, subd. (a)(1); count V). As to counts I through III, it was alleged defendant had a prior strike. (§§ 667, subds. (b)-(i), 1170.12.)

In March 2024, defendant pled no contest to criminal threats and admitted the prior strike. He stipulated to a 16-month sentence consecutive to the eight-year sentence in case No. 2239. The remaining charges were dismissed.

As a result of defendant's plea, the trial court found that defendant had violated probation in case No. 2239.

In May 2024, the trial court lifted the stay of execution on the eight-year prison sentence in case No. 2239 and sentenced defendant to 16 months consecutive in case No.

2584.  Turning to fines and fees, the court in case No. 2239 struck the $300 probation revocation fine.  The court left the previously imposed fines and fees intact and imposed a $300 parole revocation fine (suspended unless parole is revoked).  (§ 1202.45.)  In case No. 2584, the court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment (Gov. Code, § 70373).  The court also awarded defendant 201 days of custody credit (101 actual days plus 100 conduct days).

Defendant timely appeals but did not seek a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                        /s/
                                        MESIWALA, J.



We concur:



 /s/
HULL, Acting P. J.



 /s/
ROBIE, J.

4